UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SSV, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-00537-JAR |
| | ) |
| JACOB FLETCHER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jacob Fletcher's Motion to Set Aside Default Judgment and Set an Evidentiary Hearing.  ECF No. 38.  Because it is untimely and meritless, the motion will be denied.

### BACKGROUND

On May 16, 2022, Plaintiff SSV, LLC, brought this action against Jacob Fletcher and his companies Shaman Supplies LLC and Awe Lounge, LLC for unfair competition and false designation of origin under 15 U.S.C. § 1125(a), common law trademark infringement, trade dress infringement, dilution under Missouri law, Missouri common law unfair competition, and cybersquatting under 15 U.S.C. § 1125(d).  ECF No. 1.  Defendants were properly served but did not file answers to SSV's complaint.  On October 27, 2022, the Court entered a Default Judgment and Permanent Injunction against them.  ECF No. 28.  After Plaintiff moved for attorneys' fees (ECF No. 33) and notified the Court that it changed its name to MIT45, Inc. (ECF No. 32), the Court entered an Amended Default Judgment and Permanent Injunction reflecting the corporate name change and ordering Defendants to pay Plaintiff's costs and attorneys' fees. ECF No. 36.

Exactly one year after the Court entered the Amended Default Judgment and Permanent Injunction, Defendant Jacob Fletcher filed the present Motion to Set Aside Default Judgment and Set an Evidentiary Hearing.  ECF No. 38.  In the one-page motion, Fletcher claims that the parties came to a verbal agreement regarding the material terms of the lawsuit and that he was not aware that he was required to file an answer.  He therefore seeks to set aside the default judgment and requests an evidentiary hearing to present evidence of that agreement and to cross-examine Plaintiff.  *Id.*

## DISCUSSION

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The motion must be made within a reasonable time, and for reasons (1), (2) and (3), not more than one year after the judgment was entered.  Fed. R. Civ. P. 60(c)(1).  That one-year limitation period may restart if a subsequent ruling "substantially alters the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties." *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1089 (10th Cir. 2005) (quoted approvingly by *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)).

Here, Fletcher appears to argue that the judgment should be set aside for reason (1): he mistakenly believed that he was not required to file an answer.  Because he did not file his

2

motion within one year of the Court's entry of default judgment, and the amended default judgment did not substantially alter that judgment, Fletcher's motion is untimely and will be denied.

Even if Fletcher's motion did not run afoul of the one-year clock, the Court would nevertheless conclude that the motion was not made within a reasonable time. Plaintiff served Fletcher with its motion for default judgment on October 13, 2022, and the Court granted the motion on October 27, 2022, so Fletcher would have known of his mistake at least 15 months before he filed the present motion. For the same reason, Fletcher's claim that he thought the parties had an agreement relieving him of his responsibility to file an answer is wholly incredible. As Plaintiff rightly notes, its service of a motion for default judgment for failure to file an answer should have notified Fletcher that his belief was not shared by Plaintiff.

Fletcher identifies no other basis for setting aside the Court's judgment. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jacob Fletcher's Motion to Set Aside Default Judgment and Set An Evidentiary Hearing [ECF No. 38] is **DENIED**.

Dated this 25th day of March 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE